**INLAND PROPERTIES CO., Appellant, v. UNION PROPERTIES, INC., et, Appellees.**
**RICHMOND IMPROVEMENT CO., Appellant, v. UNION PROPERTIES, INC., et, Appellees.**
**YORK-LAKE CO., Appellant, v. UNION PROPERTIES, INC., et, Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

Nos 20905-20906-20907.   Decided June 28, 1948.

Wm. T. Arnos and R. W. Halliday, for appellants.

Harold O. Ziegler and Sylvester Marx, Cleveland, for appellees Union Properties, Inc., and Gordon H. Robertson, Vice President and General Manager, etc.

Hugh S. Jenkins, Atty. Genl., Columbus, and Harold O. Ziegler, Special Counsel, Cleveland, for appellees H. Earl Cook, Supt. of Banks, and Gordon H. Robertson, Special Deputy Supt. of Banks in charge of liquidation of The Union Trust Co.

Andrews, Hadden & Putnam, Cleveland, for appellees Union Bank of Commerce Co. and John K. Thompson, President.

## OPINION

By HUNSICKER, J.

The appeals on questions of law in cases 20905, 20906 and 20907 were argued jointly, and submitted to the court as a single case.

The trial court sustained a demurrer to each of the third amended petitions, as amended by interlineation, filed by the defendants (appellees), and rendered final judgment on such demurrers in favor of the defendants (appellees). It is from those judgments that the plaintiffs have appealed to this court on questions of law.

The principal question before us is: Do the third amended petitions as amended by interlineation, state facts which set forth causes of action?

These petitions are based on the claim that the plaintiff was a depositor in The Union Trust Company, of Cleveland, Ohio, which on June 15, 1933, was taken over by the superintendent of banks of Ohio for the purpose of liquidation, under authority of the Banking Act (§710-1 GC; et seq).

It is difficult in reading the several petitions filed in the case to determine exactly the nature of the claims alleged, and a detailed recitation here would serve no useful purpose. In each petition, the claim is for a money judgment against The Union Trust Co. and others for deposits made with the trust company in the year 1929 and alleged to have been withdrawn "illegally and fraudulently" by an officer of the plaintiff companies. The petitions further allege that the deposits of money as made by plaintiff company now appear "on the books of said The Union Trust Company, obscurely," and that these plaintiffs were not mailed a "notice to it

as required by §710-90 GC, notifying it or calling upon it to make legal proof of its claim at the time specified in said §710-90, Subsection 3."

It is evident from a reading of the petition that plaintiffs were not depositors whose names appeared on the books of The Union Trust Company for such deposits had, as the pleader alleges, been withdrawn before the superintendent of banks took over the liquidation of the trust company. The allegation that they were depositors whose names appeared "obscurely" is in effect that the plaintiffs were not creditors whose names appeared on the books of the trust company when taken possession of by the superintendent of banks.

Since the names of the plaintiffs did not appear as creditors on the books of the trust company, no notice by mail was required to be given as is provided by subsection 3 of §710-90 GC.

Nowhere in the petition is there any allegation which says that a claim was filed by the plaintiff with the superintendent of banks, as is also provided for in subsection 2 of §710-90 GC, nor is there any allegation that the claim has been rejected.

From a reading of the Banking Act (§710-90 GC, et seq), it is readily apparent that, before one claiming to be a depositor-creditor may participate in the distribution of the assets of the trust company, he must present a claim to the superintendent of banks, who then will accept or reject the claim so made. If the claim is rejected by the superintendent of banks, then the predicate is laid for filing an action in a court of competent jurisdiction to enforce such claim.

The plaintiffs have not alleged that they filed proofs of claim, and have not alleged that such claims have been rejected before these actions were filed, and hence they do not state good causes of action in their petitions.

We do not find the other claimed error prejudicial.

The judgments of the Common Pleas Court are affirmed.

DOYLE, PJ, and STEVENS, J, concur.